## CITY OF CLARKSDALE, MISS., v. PACIFIC IMP. CO.

(Circuit Court of Appeals, Fifth Circuit. May 11, 1897.)

### No. 550.

MUNICIPAL BONDS—BONA FIDE HOLDERS—MINUTES OF COUNCIL—PAROL EVIDENCE.

As against a bona fide holder for value of municipal bonds, parol evidence is not admissible to contradict the minutes of the board of aldermen, which, as required by statute, recite that the mayor and aldermen canvassed the returns of the election authorizing the bonds, and found that due notice had been given, and that the election had been legally and formally held.

In Error to the Circuit Court of the United States for the Western Division of the Northern District of Mississippi.

John W. Cutrer, for plaintiff in error.

J. P. Blair and W. A. Percy, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge. This case is before this court for the second time. On the first trial in the court below, there was a verdict for the defendant, and the plaintiff, by writ of error, brought the case here. The decision of the court reversing the judgment of the court below, and the opinion, are reported in 20 C. C. A. 635, and 74 Fed. 528. The second trial in the court below resulted in a verdict and judgment for the plaintiff, and the case is now before this court on writ of error by the defendant, the city of Clarksdale. The character of this suit and the questions involved are so fully stated in the former opinion of this court that it is not necessary to go into them elaborately here. The suit was brought on the coupons of certain bonds issued under an act of the legislature of Mississippi, approved March 7, 1882, authorizing the cities and corporate towns of Mississippi to subscribe to the capital stock of railroads. Questions were raised on the first trial in the court below and in this court, and also on the second trial in the court below, and on the present hearing here, as to the constitutionality of the act under which these bonds were issued, as to the sufficiency of the registration, the legality of the election authorizing the issuance of the bonds, and of the power of the city of Clarksdale to assume and carry into effect the agreement of its predecessor, the town of Clarksdale. All these questions are disposed of in the former opinion of this court, and to that opinion we are content to adhere, as well as to the reasoning therein.

The only question raised in the court below on the second trial which we desire to notice is the offer by the defendant of certain evidence, and the rejection of the same by the court. Counsel for

the defendant offered on the trial to prove by certain witnesses that no notices were given to qualified electors of the town of Clarksdale of the holding of the election at which the issuance of bonds was authorized, as was required by, the act of March 7, 1882; that no notice of the holding of said election was given by posting up notices thereof in at least five public places in the said town of Clarksdale, nor by putting the same in any newspaper in said town for not less than 20 days before the holding of the election, notifying the legal voters of the town to meet at the usual place or places of holding the election, or any other place or places therein, for the purpose of voting for or against such proposed subscription. The court refused to allow the defendant to make the proof offered, and excluded the same from the jury, to which ruling the defendant excepted. The act of. March 7, 1882, under which this election and the bonds issued, required authorities of the city or town "to post up notice in at least five public places in such county, city or town, and publish the same in any newspaper published in the same, not less than twenty days before the holding of such election, notifying the legal voters of such county, city or town to meet at the usual place of holding election in such county, city or town for the purpose of voting for or against such subscription." We need not consider the effect of the failure on the part of the authorities of the town to give this notice, except to see how it affects the plaintiff in this case. The act of the legislature under which this election was held required the mayor and aldermen, at some early day after the election, to hold a called meeting, "to canvass the returns, and declare the result of such election, which result, when determined, as aforesaid, should be entered upon the minutes of said board." The election in question having been held on the 25th day of November, 1889, on the next day, the 26th, a meeting of the mayor and aldermen of Clarksdale was held, at which, as shown in the minutes, it was declared that it appeared "to the satisfaction of this board that notice of the holding of said election was given as required by law, and the said former order of this board, for more than twenty days prior to the holding of the same, by publication of said notice for this time in the Clarksdale Banner, a public newspaper, printed and published in the city of Clarksdale, and posting up of said notice for said time in five public places within the corporate limits of said city; and it further appears to this board that such election was in all respects legally and formally held and conducted and concluded, and that correct report thereof, according to law, has been made to this board by the inspectors who held the same, which said return is in the words and figures below," etc.; and, further, "this board, having carefully, legally, and accurately canvassed the said returns so made to them, as aforesaid, hereby declare and determine the true result thereof, as shown by the said returns, the same being the true result of the legal vote of the city of Clarksdale, to be as follows, to wit: 'Total votes for the subscription, 168; total against the subscription, none.'" The board then proceeded, according to the minutes, to declare that the result of the election was such as to authorize the subscription to the capital stock of the railway company, the issuance of the bonds to pay

for the stock, and then provide the manner of carrying the same into effect.

When the offer was made by the defendant in the court below to prove that, as a matter of fact, no notice was given of this election, the court had before it already the minutes of the city, with the foregoing recitals. It also had the fact before it as to the manner in which these bonds came into the hands of the plaintiff, the Pacific Improvement Company, and as to the character of its holdings. It is clear that the court acted on the view that, these bonds having been issued to the L., N. O. & T. Railroad Company, and by it transferred to the Pacific Improvement Company for value, the Pacific Improvement Company was such a bona fide holder for value as that, in view of what had been determined by the mayor and aldermen, and entered on their minutes, in reference to the election, in the respect just mentioned, this evidence was not competent. Whether this evidence would have been competent as against the railway company need not be considered; nor need we, in view of the opinion we entertain as to the attitude of this plaintiff, consider the strong argument made by counsel for defendant in error in favor of the proposition that parol evidence in a collateral action cannot be received to contradict the records of a public corporation required by statute to be kept in writing, or to show a mistake in the matters as therein recorded. It is sufficient for the present purpose to say that under the facts and circumstances of this case, and as against these plaintiffs, we find no error in the action of the court in excluding the testimony offered.

There were other and minor objections to the admissibility of this evidence, which we need not discuss, in view of the opinion we entertain, and have just expressed, as to the propriety of excluding this testimony on other and broader grounds. We hold, therefore, that the action of the court below in directing a verdict, and entering a judgment for the plaintiff, was right, and the same is affirmed.